IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| VOLTAIRE PETER PIERRE, | : | MOTION TO VACATE |
| BOP # 72750-019, | : | 28 U.S.C. § 2255 |
| Movant *pro se*, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:19-CR-52-SDG-JHR-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 4:24-CV-176-SDG-JHR |

**FINAL REPORT AND RECOMMENDATION**

Movant *pro se*, Voltaire Peter Pierre, submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [81] ("Motion to Vacate"). The government filed a Response in Opposition [83]. Movant filed a Reply [86]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

**I.    PROCEDURAL HISTORY**

Movant was a correctional officer at Hays State Prison in Trion, Georgia. (Resp. 2.) "In 2018, [movant] . . . became part of a criminal scheme to coordinate and smuggle packages filled with drugs and contraband into the prison in exchange for cash." (*Id.* at 2-3.) The packages "were delivered to and kept at [movant's] residence, where a minor child resided." (11th Cir. Op. [75] 2 n.1.)

On October 17, 2019, movant pleaded guilty to (1) conspiracy to possess with intent to distribute controlled substances, and (2) possession with intent to distribute methamphetamine on premises where a person under age eighteen is present and resides [1, 6].

In the presentence investigation report, the probation officer determined that movant's total offense level was 33 and his sentencing guidelines range was 135 to 168 months of imprisonment.  (Resp. 3-4.)  The government requested a five-level reduction under U.S.S.G. § 5K2.1, lowering movant's sentencing guidelines range to 78 to 97 months of imprisonment.  (*Id.* at 4.)  In its sentencing memorandum, the government recommended a sentence of 78 months of imprisonment.  (*Id.*)

On November 14, 2022, the District Court filed the Judgment and Commitment, sentencing movant to 97 months of imprisonment, followed by three years of supervised release [54].  On March 18, 2024, the Eleventh Circuit affirmed movant's convictions.  (11th Cir. Op. 11.)  On July 10, 2024, movant executed the Motion to Vacate.  (Mot. Vacate 19.)

## II.   STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."   28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ."  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence."  *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).  The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  In the present case, the undersigned determines that an evidentiary hearing is not needed because the Motion to Vacate and record of the case conclusively show that movant is not entitled to relief.

### III.   <u>DISCUSSION</u>

Movant raises one ground of ineffective assistance of counsel.  (Mot. Vacate 10, 12.)  "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (internal quotation marks omitted).  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one."  *Id.* at 697.

In movant's sole ground for relief, he claims that trial counsel improperly failed to object to (1) the presentence investigation report, (2) the government's sentencing memorandum, (3) the difference between the guideline calculation in the plea agreement and the presentence investigation report, and (4) the government's alleged breach of the plea agreement.  (Mot. Vacate 10.)

As the government correctly explains, movant's claims all concern U.S.S.G. § 3B1.3, which provides a two-level enhancement for abusing a position of trust. (Resp. 8-10.)  The plea agreement between movant and the government did not mention that enhancement, but the probation officer recommended it in the presentence investigation report.  (*Id.* at 3-4.)  The government then included the enhancement in its sentencing memorandum, and the District Court applied it at sentencing.  (*Id.* at 4.)

The Eleventh Circuit determined that the enhancement "was based on facts to which [movant] admitted in pleading guilty," namely, "that he used his position as a correctional officer to smuggle drugs into the prison."  (11th Cir. Op. 7.)  The government correctly points out that movant fails to provide "any non-frivolous argument counsel could have made that would have persuaded the [District Court that] it should not apply the enhancement . . . ."  (Resp. 9.)  "A lawyer cannot be deficient for failing to raise a meritless claim."  *Freeman v.*

*Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008).  Therefore, movant fails to show that trial counsel performed deficiently by failing to object to the presentence investigation report, the government's sentencing memorandum, and the enhancement.  Movant also fails to show prejudice because there is not a reasonable probability that he would have received a lower sentence if trial counsel had objected.

The Eleventh Circuit rejected movant's claim that the government breached the plea agreement by including the enhancement in its sentencing memorandum.  (11th Cir. Op. 10.)  The Eleventh Circuit explained that the government had not "requested, sought, endorsed, or argued for the § 3B1.3 adjustment in its sentencing memorandum or at sentencing."  (*Id.* at 8.)  Accordingly, movant fails to show that trial counsel performed deficiently by failing to object to the government's alleged breach of the plea agreement.  Movant also fails to show prejudice because there is not a reasonable probability that he would have received a lower sentence if trial counsel had objected.

Movant further claims that trial counsel failed to "explain the guideline[s] to [him]" and "pay attention at sentencing." (Mot. Vacate 10.)  However, during the plea colloquy, movant did not challenge trial counsel's statement that they had discussed the guidelines.  (Tr. [71] 20-21.)  Movant also stated that he was

6

satisfied with trial counsel's services.  (*Id.* at 23-24.)  As to trial counsel's performance at sentencing, the government correctly explains that he showed he was "prepared and engaged" because he (1) "alerted the [D]istrict [C]ourt to a typo in the [g]overnment's sentencing memo[randum]," (2) "gave a detailed and lengthy sentencing argument," and (3) "arrang[ed] for [movant's] pastor to testify . . . in mitigation." (Resp. 11.)  Therefore, movant fails to show that trial counsel performed deficiently.  Movant also fails to show prejudice because there is not a reasonable probability that he would have received a lower sentence if trial counsel had performed differently.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right

"includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V.   <u>CONCLUSION</u>

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the Motion to Vacate [81] be **DENIED**, (2) a certificate of appealability be **DENIED**, and (3) civil action number 4:24-cv-176-SDG-JHR be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 5th day of March, 2026.

_____

JOHN H. RAINS IV
UNITED STATES MAGISTRATE JUDGE